**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RANDY MURPHY,  #260660,** : | |
| Plaintiff, : | |
| vs. : | **CIVIL ACTION 12-0249-WS-N** |
| **CITY OF THOMASVILLE, et al.,** : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding pro se and in forma pauperis, filed the present action under 42 U.S.C. § 1983 while an Alabama prison inmate.[1]  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed without prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**I. Amended Complaint.**  (Docs. 19, 24).

Initially, because his complaint was not on the Court's § 1983 complaint form, plaintiff was ordered to amend his complaint by completing the Court's complaint form and was informed that the amended complaint would supersede his original complaint.  (Doc. 3).  Plaintiff's amended complaint is before the Court as well as a subsequent amended complaint, wherein plaintiff simply identifies the constitutional amendments under which he is bringing this action.  (Docs. 19, 24).

After examining the allegations in the first amended complaint (Doc. 19), the Court finds

---

[1]  Plaintiff was incarcerated at Alex City Work Release/Work Center when he commenced this action.  (Doc. 1 at 27).  However, he recently notified the Court that he was "transferred" to a free-world address, 2189 Bashi Road, Thomasville, Alabama 36784.  (Doc. 25).

that it is unable to discern the exact nature of many of plaintiff's claims due to the lack of supporting facts. Plaintiff uses many conclusory and vague terms and legal conclusions to describe his claims. (Id.). (Whereas, the original complaint contained more factual information relating to the background of his claims). (Doc. 1). The following is a description of plaintiff's claims as the Court can best discern them.

The defendants to the first amended complaint are: Maurice Dyess, Chief of Police of the Thomasville Police Department; Precision Towing, the towing company that tows vehicles for the police department; Dustin Fleming, Alvin T. Cook II, Sedrick Adams, Durl Willis, Bennett Doe, and Robinson Doe, police officers; Mitchell N. Stuckey, Chief of Police of the Thomasville Police Department; and Bonding Company, "agency [t]hat provide[s] surety against loss, damages, or default; a guarantee at Thomasville Police Department[;]" and the City of Thomasville, Alabama. The incidents about which plaintiff complains occurred on June 11, 2011 and on July 20, 2012 near Bashi Road, Thomasville, Alabama. (Doc. 19 at 4, 13-17).

Plaintiff alleges that "on or about the month of October, 2010 or January, 2011," he called 911 to report that his vehicle was stolen. (Id. at 8). His call was transferred to Thomasville Police Department's dispatcher who took plaintiff's detailed information and allegedly dispatched an officer to the Bashi Road address. (Id. at 9). However, no officer arrived. (Id.). The following day plaintiff learned from a relative that his cousin had taken the car and wrecked it. (Id.). After inspecting the destroyed vehicle, plaintiff had no choice but to leave the vehicle on the road. (Id.). Several days passed without the Thomasville Police Department contacting him. (Id.). Thus, they did not follow procedure, either negligently or intentionally, and defendant Dyess is responsible for implementing and enforcing this procedure. (Id. at 5, 9, 11). Subsequently, plaintiff had the vehicle towed to his residence. (Id. at 9).

2

Then, on June 11, 2011 at 3:44 a.m. at Choctaw Corner near Bashi Road, plaintiff was falsely arrested for DUI and for resisting arrest by defendant Dustin Fleming, who was assisted by defendants Cook and Adams.  (Id. at 4, 5, 10).  "Officer Fleming[s] alleged he saw [plaintiff] exit [vehicle vin #27AFP71W21X143333,] but that could have been no way possible, because that vehicle was destroyed in a wreck[.]"  (Id. at 10).  Defendant Fleming also said that he saw plaintiff "under the steering wheel."  (Id.).  Due to theses statements, plaintiff claims that defendant Fleming committed false arrest, false imprisonment, breach of contract, and damages, and at plaintiff's parole hearing, he committed "aggravated perjury" and malicious prosecution.  (Id.).

Subsequently, on June 11, 2011, defendant Precision Towing, without identifying the vehicle, towed and impounded the vehicle at its place business.  (Id.).  By taking these actions, this defendant allegedly "abused process" and "wantonly neglect[ed] company practice and procedure."  (Id.).  If a record of the vehicle's full description had been made, it would have shown the "clear absence of probable cause and false arrest, thereby, committing: abuse of process and breach of contract."  (Id. at 11).

The procedures that were applicable to plaintiff reporting his vehicle and to when he was arrested and charged with DUI and resisting arrest were not followed.  (Id.).  However, defendant Dyess, as chief of police, was hired "to train and supervise [the] Thomasville Police Department and to faithfully p[er]form his duties."  (Id.).  Plaintiff thus charges defendant Dyess with abuse of process and breach of contract.  (Id.).

Then, in late June or early July, 2012, defendant Willis drove into plaintiff's yard and began asking plaintiff, who was sitting on the porch, if he had seen a white male from Life Tec Facility walking through the neighborhood.  (Id. at 12).  Plaintiff maintains that defendant Willis

is "trained to identify people, places and things was aware of [plaintiff] and the residence." (Id.).

Then, on July 20, 2012, at 8:10 p.m, at Choctaw Corner, plaintiff claims that he was "targeted and retaliated on" by the Thomasville Police Department when defendant Willis, assisted by defendants Bennett Doe and Robinson Doe, followed plaintiff while he was driving his late brother's and mother's Lexus to his house. (Id. at 4, 12). After plaintiff and the passenger exited the parked vehicle, defendant Willis identified plaintiff and told plaintiff that a traffic violation had occurred, and he then turned on his flashers, all of which plaintiff describes as "retaliation" and "'terrorist acts,' etc:." (Id.). Whereas, plaintiff asserts that defendant Willis had "not signal[ed] his approach in the police vehicle, [and had] not indicate[d] a traffic violation occurr[ed] before the vehicle came to a complete stop." (Id.). Plaintiff charges defendants Willis, Bennett Doe, and Robinson Doe with false arrest based on this incident as well as assault and battery (id. at 14, 15, 16), and defendant Stuckey is alleged to have been the Chief of Police when the retaliation occurred.[2] (Id. at 15).

For relief, plaintiff requests $20 million in punitive damages and justice by having defendant brought before the Court for criminal prosecution. (Id. at 7).

## II. **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his first and second amended complaints (Docs. 19, 24) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law

---

[2] In Section III (B) of the Amended Complaint, in the area provided for listing the claims against an individual defendant, plaintiff's allegations contain many bald assertions that are unsupported by any facts in the Amended Complaint. Due to the recommended disposition of this action, not all of these assertions are being mentioned or discussed, e.g., malice, breach of contract, aggravated perjury, deliberate or conscious choice, retaliation, stalking, terrorist's acts, racial profiling, assault and battery, discrimination, slander, failure to train, and false imprisonment. (Doc. 19 at 5, 13-17).

or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction

---

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Discussion.

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA")[.]" Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(h). When plaintiff filed this action, he was incarcerated at Alexander City Work Release. (Doc. 1 at 27). Thus, §

1997e(e) applies to him in regard to this action.

In applying this section, the courts have "read [§ 1997e(e)] as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by, 197 F.3d 1059, opinion reinstated in part by, 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), Congress chose to "preclude[ ] some actions for money damages[,]" Harris, 190 F.3d at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[.]" Id. at 1289. Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

In the present action, plaintiff has requested punitive damages and justice. In regard to the punitive damages request, section 1997e(e) clearly applies and precludes plaintiff's recovery of punitive damages in this action. It is readily apparent that plaintiff's § 1983 action is a federal civil action, Napier, 314 F.3d at 532, which was commenced by a prisoner. Id. And plaintiff's claims arose while he was "in custody." Id. at 533-34 (finding that "in custody" encompasses claims for Fourth Amendment violations that occurred during an arrest, which are not related to the plaintiff's current incarceration). That is, plaintiff claims that he was falsely arrested on June

7

11, 2011 (id. at 4, 5, 10 ), and on July 20, 2012. (Id. at 14-16). In addition, plaintiff did not allege that he suffered a physical injury. Even though his allegations are devoid of a physical injury, plaintiff does allege a conclusory claim of "assault and battery" against some defendants. Nonetheless, this legal conclusion with no supporting facts does not suffice for a plausible allegation of physical injury. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (ruling that facts must be pled in order to allow the court to draw the reasonable inference that the defendant is liable for the misconduct in order to state a claim that is plausible). In the absence of a "physical injury punitive damages are precluded under the PLRA[.]" Al-Amin, 637 F.3d at 1199 (holding § 1997e(e) prevented the plaintiff from recovering punitive damages for claims arising from the opening of his legal mail outside of his presence as no physical injury was connected to his claims). Accordingly, in the absence of a physical injury, 42 U.S.C. § 1997e(e) bars plaintiff's claim for punitive damages. See Id.

     Having determined that plaintiff is not entitled to punitive damages in this action, the Court now turns to the other form of relief that he requested – "justice," which he asserts would be accomplished by "hav[ing] defendants brought before this Honorable Court for criminal prosecution[.]" (Id. at 7). Notwithstanding plaintiff's request for justice, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney General, 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). "A decision to prosecute is within the United States Attorney's substantial discretion . . . ." United States v. Ballard, 779 F.2d 287, 295 (5th Cir.), cert. denied, 475 U.S. 1109 (1986). And a court is precluded from ordering a prosecution by the United States Attorney based on the separation

of powers doctrine and because the determination of whether to commence a prosecution is a process that was not contemplated for the courts to engage in and, therefore, they are not equipped to handle such. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes). Accordingly, plaintiff's request for justice is unavailable to him in this action and is, therefore, frivolous.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Harris, 216 F.3d at 980 (ruling that a dismissal under § 1997e(e) should be without prejudice).[4]

The instructions that follow the undersigned's signature contain important information

---

[4] Alternative bases for dismissal of this action or claims have not been discussed inasmuch as 42 U.S.C. § 1997e(e) precludes this action in its entirety. These other bases more clearly appear when the facts from the original complaint are considered together with the amended complaints.

The original complaint was filed on April 19, 2012, and challenged only the plaintiff's arrests for DUI and for resisting arrest that occurred on June 11, 2011. (Doc. 1). Prior to going to trial on these charges, plaintiff's parole was revoked due to these two charges against him, and he was transferred to Kilby Correctional Facility. (Id. at 15). His transfer occurred four days before his scheduled hearing/trial in municipal court on July 26, 2011 on these charges. (Id.). On the date scheduled for the hearing/trial, the judge nol prossed the charges against plaintiff. (Id.). In light of the charges being dismissed, plaintiff appealed his revocation to the Alabama Board of Pardons and Paroles. (Id. at16). Believing he had no choice, plaintiff filed a petition for certiorari against Alabama Board of Pardons and Paroles in the Circuit Court for Montgomery County, Alabama. (Id.). Cf. Pratt v. U.S. Parole Comm'n, 717 F. Supp. 382 (E.D.N.C. 1989) (denying the writ of habeas corpus in regard to petitioner's parole revocation even though the cocaine used to revoke his parole had been excluded from consideration in regard to his criminal charge, which led to the criminal charge being nol prossed).

When plaintiff filed his amended complaint on October 5, 2012, he added different defendants and a new claim connected to the new defendants that arose on July 20, 2012 when he was arrested again. (Doc. 19 at 12). Plaintiff claimed that this second arrest was in retaliation. (Id.). However, no explanation or facts are offered by plaintiff in the second amended complaint to show how his second arrest was the result of retaliation.

regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 30th  day of January, 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.    **<u>Objection</u>**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982) (<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable Where Proceedings Tape Recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[5]    Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

12