IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDY MURPHY, # 260660,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 12-0249-WS-N |
| **CITY OF THOMASVILLE, et al.,** | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This action is before the Court on plaintiff's motion for injunctive relief ("motion") (Doc. 22), which he filed contemporaneously with his first amended complaint on October 5, 2012. (Doc. 20). This action, along with plaintiff's motion, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. After careful review it is recommended that the motion be denied for the reasons stated below.

In plaintiff's three-page motion, he requests the Court to intervene with an injunction that would "'invok[e]' the court[']s authorities against defendants" for their retaliation, harassment, and discrimination, which he contends should be viewed as domestic terrorist acts. (Doc. 22 at 1). Plaintiff's motion contains no facts; it merely makes a request for relief and does not direct the Court to the facts in his first amended complaint.

The body of plaintiff's motion consists of a listing of requests for injunctive relief, namely, seizure of all minerals and materials that defendants have in their possession which concern the present matters; a "suspension" order against all defendants, indefinitely; criminal charges against all defendants; a thorough investigation of the Thomasville Police Department and of past and present officers who have "unlawful" records; a paralegal or attorney assigned to

his case; and a review of the seized minerals and materials with a factual finding that defendants made a second arrest without due process and without probable cause, a finding that the defendants are guilty, and a ruling in favor of plaintiff, or issuance of any other relief that the Court deems just. (Id. at 2). Plaintiff further wants to make this Court aware that defendants knew of "this pending past 'active' civil action dispurt [sic] vs. plaintiff." (Id.). Plaintiff then concludes by requesting a factual finding that defendants arrested him a second time out of retaliation, harassment, discrimination or a domestic terror act and demands full immunity. (Id. at 3).

>To prevail on a request for injunctive relief, the movant must show:
>
>>(1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985) (citation and quotations marks omitted). These elements are recognized as the criteria that must be met in order for preliminary injunctive relief to issue. "The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) (quotation marks and citation omitted). However, the movant must carry the burden of persuasion on all of the elements before injunctive relief can be granted. Zardui-Quintana, 768 F.2d at 1216. In addition, the movant must show that conduct to be enjoined is threatened or imminent. Sullivan v. Division of Elections, 718 F.2d 363, 365 (11th Cir. 1983).

With respect to the elements that plaintiff must satisfy if his request is one for a preliminary or permanent injunction, he must clearly carry the burden of persuasion on the

element that he will suffer irreparable injury unless injunctive relief issues.  In his motion and first amended complaint, plaintiff does not identify a specific injury from which he will suffer if injunctive relief does not issue.  The absence of an injury precludes plaintiff from showing that the injury is irreparable and imminent.  Due to this lack of specific information of an injury, the Court finds that plaintiff has failed to carry his burden of persuasion on this one element.

Inasmuch as plaintiff has not met his burden of persuasion in regard to one element, the Court will not address the remaining elements because plaintiff bears the burden of persuasion on *all* elements.  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor).  Because plaintiff failed to meet his burden on one element, injunctive relief is due to denied.  Accordingly, it is recommended that plaintiff's motion for injunctive relief (Doc. 22) be denied.

**DONE** this  30th  day of January, 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.      <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      <u>**Transcript (applicable where proceedings tape recorded)**</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>/s/ Katherine P. Nelson</u>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).